IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keturah Kemmerlin, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Automaxx of the Carolinas, ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No. 2:23-cv-4611-BHH <br><br> **ORDER** |

This matter is before the Court upon Plaintiff Keturah Kemmerlin's pro se ("Plaintiff") complaint against Defendant Automaxx of the Carolinas. (ECF Nos. 1, 1-1.) In accordance with Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On January 25, 2024, the Magistrate Judge issued an order informing Plaintiff that her complaint was subject to summary dismissal for failure to state a claim upon which relief may be granted and affording Plaintiff 21 days to submit an amended pleading that cured the identified deficiencies. (ECF No. 7.) The order also informed Plaintiff that she needed to submit a set of proposed service documents for each Defendant.

When Plaintiff failed to comply with the Magistrate Judge's instructions, the Magistrate Judge issued a second order, in an abundance of caution, giving Plaintiff an additional opportunity to submit an amended pleading that cured the deficiencies in her original complaint. (ECF No. 12.) Nevertheless, Plaintiff failed to do so.

Accordingly, on April 26, 2024, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss Plaintiff's complaint without further leave to amend and without issuance

and service of process for failure to state a claim upon which relief can be granted. (ECF No. 14.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 14), and the Court summarily dismisses this action without further leave to amend, and without issuance and service of process,**

**for the reasons set forth in the Report.** *See Britt v. DeJoy*, 49 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable").

    **IT IS SO ORDERED.**

                                                    /s/Bruce H. Hendricks
                                                    United States District Judge

May 21, 2024
Charleston, South Carolina